UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CERVENKA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-1172-SRW |
| ) | |
| SARAH DETTER and JACOB DETTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Michael Cervanka's submission of a civil complaint and a motion for leave to proceed *in forma pauperis*. Upon consideration of the motion and the financial information provided therein, the Court finds that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, the Court will dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted, and will deny as moot Plaintiff's motion seeking the appointment of counsel.

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it upon the determination that, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v.*

*Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff filed the complaint against Sarah Detter and Jacob Detter. He also references an individual named Robert Longhibler. Plaintiff identifies himself and Sarah and Jacob Detter as Missouri residents. He invokes this Court's federal question jurisdiction, but does not clearly identify a basis for any federal cause of action.

In setting forth his statement of claim, Plaintiff alleges that the defendants "and their accomplices" "smuggled 2 Giant tiger mesquitos [*sic*] carrying Zika virus into the United States, and released them onto my arm on multiple, independent and isolated, open and closed circuit camera systems at the Lowes and Schnucks parking lots at Loughborough and Hwy 55, within the past month." (ECF No. 1 at 7). Plaintiff also alleges that the defendants put "sterility drugs" in his food and drink. *Id.* Additionally, in a Memorandum for Clerk included with the complaint, Plaintiff avers he is suing the defendants "for their illegal administration of unknown toxins by spraying me in the mouth while I sleep, and now I have seizures horribly," and he alleges the defendants have been following him and harassing him with drones equipped with PET scan units and "direct audio to threaten me." *Id.* at 4.

Plaintiff claims he has "been given terminal AIDS because of their slander," and he claims the defendants have caused him pain and suffering, sterility, "over 5,000 1st degree

assaults," and "seizures from whatever they've been spraying in my face and on my food and drink." *Id.* at 7-8. He seeks $2.5 million in damages.

In February of 2022, Plaintiff filed two civil actions *pro se* and *in forma pauperis* against "U.S. Government" to claim government monitoring, placement of sterility drugs in his food and drink, and other such claims. *See Cervanka v. U.S. Government,* No. 4:22-CV-190-PLC (E.D. Mo. 2022) and *Cervenka v. U.S. Government,* No. 4:22-CV-207-PLC (E.D. Mo. 2022). Both actions were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) on the basis they were frivolous and failed to state a claim upon which relief may be granted.

## Discussion

Having reviewed and liberally construed the complaint, the Court can discern no plausible claim for relief. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, plaintiff's allegations are not grounded in reality, and in fact "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action at this time as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

3

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of November, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE